Robert E. ALLEN, d/b/a Bob Allen's Gun Club Sportswear, Appellant,

v.

IDEAL PRODUCTS, INC. and Calvin Bean.

No. 18098.

United States Court of Appeals, Third Circuit.

Argued Dec. 18, 1969.

Decided April 15, 1970.

Rehearing Denied May 15, 1970.

Donald A. Kaul, Arnold, Roylance, Kruger & Durkee, Washington, D. C. (William H. Webb, Russell D. Orkin, Webb, Burden, Robinson & Webb, Pittsburgh, Pa., on the brief), for appellant.

William B. Jaspert, Pittsburgh, Pa. (Stanley Price, Jr., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Plaintiff sued for infringement of his United States Patent No. 2,948,899 relating to a removable pocket insert on a hunting garment to absorb the recoil of a gun. The district court granted de-

fendants' motion for summary judgment on the ground of obviousness and non-infringement. 300 F.Supp. 349. Plaintiff appeals.[1]

 The patent deals with an idea which is so apparent that no discussion is required to support the conclusion of the district court that it was invalid for obviousness. We therefore need not consider the additional ground for the decision below that there was no infringement.

 There is nothing in the record to support the inference which plaintiff seeks to draw that copies of the prior art and a copy of the file history of the plaintiff's patent were obtained by the district court after oral argument as a result of communication with the defendants. Defendants' brief, however, states that the file wrapper and prior art patents were filed at the court's request. Since summary judgment was plainly called for because of obviousness, and since the file wrapper and the record of the prior art were matters available to the plaintiff as well as the defendants, we find no sufficient basis for reversal.

 Plaintiff also complains that while the motion for summary judgment was pending the district judge obtained from the defendants as exhibits a number of samples of the defendants' garments. The district court's opinion states that three sample garments were offered and exhibited to the court. We have grave concern with this problem. For, of course, the court should not receive, or have displayed to it, or examine, exhibits produced to it by one of the parties without appropriate notice to the adversary. Since the record is not clear, we cannot say with certainty that plaintiff had no knowledge that the garments were submitted and treated as exhibits. But in any event, we express our emphatic disapproval of any practice by which one party would communicate with the court and supply information to it, however authentic, without notice to his adversary. Since the garments appear to have been considered by the court solely on the question of infringement, and because the nature of the patent incorporated into the garments is otherwise fully described in the record, we cannot say that the record before us requires a reversal of a judgment which is fully justified because the subject matter of the patent was obvious.

The judgment of the district court will be affirmed.

---

1. The district court also granted plaintiff's motion to dismiss defendants' counterclaim. Defendants have taken no appeal from this order.